## WILLIAM BONER *v.* JOHN K. ELGEE.

An action against a party in possession of slaves, in which the plaintiff prays for a judgment declaring the title under which the former holds to be fraudulent, and ordering the slaves to be sold for the purpose of paying a balance due to him as vendor, with damages for the expense to which he has been subjected, and recognizing his privilege as a vendor, must be brought before the court of the defendant's domicil, and not of the parish where the slaves may be. C. P. 89, 129, 162.

APPEAL from the District Court of Caddo, *Boyce*, J. This case turned on an exception to the jurisdiction of the District Court of Caddo, the defendant's domicil being in another parish. The lower court, having overruled the exception, proceeded to a trial on the merits. A judgment was rendered for the defendant, and the plaintiff has appealed.

*Crane* and *M. C. Dunn*, for the appellant. The exception was properly overruled. Code of Practice, art. 163. 4 La. 240. Civil Code, art. 461.

*Tuomey*, for the defendant. The exception was erroneously overruled. Every one has the right of being sued at his domicil, except in certain cases. Code of Practice, art. 89, 129, 162. This is *the rule*—the exceptions must be strictly construed. Art. 163, of the same Code provides, that when proceedings are instituted to obtain the seizure and sale of real property, by virtue

of an act of hypothecation importing a confession of judgment, the defendant may be cited either within the jurisdiction of the court where the property is situated, or before that of the domicil of the defendant. Here, the action should have been before the court of the defendant's domicil. *First.* Because slaves are not real estate, within the meaning of art. 163, of the Code of Practice. Slaves though generally considered by the law as real estate, are not always so. By art. 3318, of the Civil Code, different modes are prescribed for the inscription of mortgages of *immoveables* and slaves. In the case of *Munday* v. *Wilson*, 4 La. 341, the court said, that though, for some purposes considered immoveables, slaves are in their nature moveables, and are not situated in any particular parish of the State. Having no *situs* of their own, they have one at the domicil of their owner. This view is strengthened by referring to art. 3318, of the Civil Code, which provides, that mortgages of *slaves* shall be inscribed at the domicil of their owner, while mortgages on *immoveables* are to be inscribed in the parishes where they are situated. *Secondly.* In this case the seizure and sale of the slaves is not prayed for, in virtue of any act of hypothecation importing a confession of judgment, within the meaning of the article cited. The act of sale, from which the plaintiff contends that the vendor's privilege results, does not import a confession of judgment ; nor is there any hypothecation, or special mortgage of the slaves in controversy.

BULLARD, J. The plaintiff seeks to enforce the privilege of a vendor upon certain slaves, sold by him to one Malhé, and which are now the property of the defendant, who resides in the parish of Rapides. The petition, which is addressed to the District Court, in and for the parish of Caddo, where the slaves were at the time, sets forth the sale to Malhé by act before the Parish Judge of Natchitoches, then the acknowledged domicil of the purchaser ; that Malhé afterwards confessed a judgment in favor of the defendant Elgee, and waived appraisement of the slaves, whereupon they were sold at a Sheriff's sale and purchased by Elgee. This judgment is alleged to be fraudulent and collusive. After various other allegations, which it is not necessary to repeat, the petition concludes with a prayer, that Elgee may be cited, and that the plaintiff may have judgment ordering

the sale of the slaves, to satisfy the balance of $5825, still due him as vendor, together with $100, for costs incurred in previous attempts to seize the slaves, and for further and general relief.

The defendant pleaded his domicil in the parish of Rapides, and excepted to the jurisdiction of the court.

Admitting that a mere order of seizure and sale might issue against slaves from the court of the parish where they are employed, rather than that of the domicil of the owner, which we do not decide, yet it is clear, that this case is something more. The District Court for the parish of Caddo, is asked to decide upon the question, whether the privilege of a vendor still exists in favor of the plaintiff, and whether the defendant had acquired a *bona fide* title to the slaves, and whether he was liable for any damages, or costs in consequence of the plaintiff having been baffled in the pursuit of his rights. These are questions to be settled by the court previously to the seizure of the slaves. It is one thing, to issue an order of seizure and sale, a mere summary execution, upon the presentation of authentic evidence of a mortgage, and another to decide between the parties upon the validity of such title, or the priority of another alleged to be better.

The court therefore erred, in our opinion, in not sustaining the exception, and in proceeding to a trial upon the merits. The questions presented by the petition, are such as the defendant had a right to have tried by the court of his domicil. Such a case, in our opinion, does not form an exception to the general rule.

It is, therefore, ordered, that the judgment of the District Court be reversed ; that the plea to the jurisdiction be sustained, and the suit dismissed; the plaintiff paying the costs in both courts.